Ex parte Acevedo, Petitioner and Respondent, and Acevedo et al., Contestants and Appellants.

## Appeal from the District Court of Aguadilla in Judicial Administration Proceedings.

### No. 1155.—Decided June 25, 1914.

Judicial Administration—Motion to Amend—Appeal.—A decision overruling a motion to annul the appointment of a judicial administrator is appealable.

Id.—Verification of Petition—Amended Petition—Public Instruments Accompanying Petition.—When a petition for judicial administration containing all the requirements of section 23 of the Law of Special Legal Proceedings of March 9, 1905, is presented and denied and no appeal is taken from the decision of denial, but later another unsworn petition is presented repleading the same facts and adding some averments of the petitioner not required by law, the second petition may be considered as an amendment to the first and, although not verified, in the interests of justice in this case, it may be understood that the oath to the first extended to the second, especially when both petitions were accompanied by public instruments which prove the allegations made in said petitions and have as much force as the verification of the petition.

The facts are stated in the opinion.

*Messrs. Juan García Ducos* and *Luis Llorens Torres* for the respondent.

*Messrs. Reichard & Reichard* for the appellants.

Mr. Justice Aldrey delivered the opinion of the court.

Nemesio Acevedo Hernández filed a verified petition in the District Court of Aguadilla for the judicial administration of an estate, alleging substantially as follows:

1. That on July 31, 1910, Jesús Lorenzo Acevedo Hernández, married and a property owner, died in the municipal district of Moca of the judicial district of Aguadilla.

2. That said Acevedo Hernández executed a will before Notary Mariano R. Acosta on February 12, 1910, which is on file in the protocol of the said notary.

3. That the petitioner is one of the executors appointed by the testator in the said will and that letters testamentary had been granted him by the said court on December 17, 1912.

4. That the persons entitled to the inheritance are the surviving spouse, Marcelina Hernández, and Dolores Acevedo y Acevedo, Abdona Acevedo y Acevedo, Cecilia Acevedo y Acevedo, Lorenzo Acevedo y Acevedo, Juana Acevedo y Hernández, Gregorio Acevedo y Hernández, Tadeo Acevedo y Hernández, and María Acevedo y Hernández, who reside in the ward of Las Marías of Moca, and Teresa Acevedo y Acevedo, who resides in the ward of Mamey of Aguadilla.

5. That the deceased left real and personal property subject to distribution amounting to more than $2,000.

6. That Gregorio, María, Juana, and Tadeo Acevedo y Hernández are minors.

7. That in support of the foregoing allegations he offers in evidence various documents which he enumerates.

The court denied the petition for a judicial administration of the estate on the grounds that the provisions of section 23 of the Act relating to Special Legal Proceedings had not been complied with and that the petition did not state facts sufficient to show the necessity for the intervention.

Subsequently another petition was filed by Nemesio Acevedo in which he repleaded the six allegations set up in his former petition and added another to the effect that he sought the appointment of a judicial administrator because the property was in the possession of some of the heirs; because the minors had no one to represent them in the recovery of their rights; because as the heirs in possession of some of the property refused to recognize the authority of the executor, no inventory had been made; because the estate was in grave danger of suffering losses. As allegation 8 he added that he had a right of action as executor, and in allegation 9 he enumerated the documents which he would offer in evidence.

The court sustained this petition for judicial intervention and set a day for the parties to appear for the purpose of the appointment of a judicial administrator. The hearing took place and, as the parties could not agree upon a person

to be appointed administrator, the court named Julián Rivera as such.

A few days later some of the heirs and legatees filed a motion alleging that the amended petition did not conform to the statutory requirements, wherefore they moved that the appointment of the judicial administrator be annulled, which motion was overruled by the court by its ruling of April 29, 1914. The present appeal was taken from that decision, which is appealable according to our holding in the case of *Rivera* v. *Cámara,* 17 P. R. R., 503.

In our opinion, the first petition filed in the District Court of Aguadilla by Nemesio Acevedo Hernández complied with all the requirements of section 23 of the Act relating to Special Legal Proceedings and the judicial administration should have been decreed on that petition. However, as the court denied it and no appeal was taken from its decision, we consider that the second petition, which is exactly similar to the first with some additional statements of the party not required by the act, was an amendment to the original petition, and, although it was not sworn to, in the interest of justice in this case, we may hold that the verification of the first petition extended to the amended petition, especially so since all the facts stated in both petitions were supported by documentary evidence. In view of this fact, the verification might perhaps have been dispensed with inasmuch as the public documents accompanying the petitions had as much weight as a verification of the petitions. However, the statutory requirement as to verification was complied with in the first petition and as the second petition alleged no new facts but only some opinions and statements of the petitioner, we may conclude that the petitioner complied with all the requirements of the Act of 1905 relating to Special Legal Proceedings, and, therefore, the lower court committed no error in overruling the motion by the appellants to annul the appointment based solely upon the fact that the amended petition was not sworn

to, inasmuch as the verification of the original petition was sufficient.

Consequently the decision appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.